IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CHRISTOPHER MARK HEADEN,    )
                            )
                 Petitioner, )
                            )
        v.                  )        1:12CV1182
                            )
JOSEPH B. HALL,             )
                            )
                 Respondent. )

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, has submitted a petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody. For the following reasons, the Petition cannot be further processed.

1. Filing fee was not received, nor was an affidavit to proceed *in forma pauperis* submitted and signed by Petitioner.

2. Petitioner has failed to clearly indicate whether or not state court remedies have been exhausted. 28 U.S.C. § 2254(b). Petitioner raises a claim of innocence (Docket Entry 1, § 12(a)) and does state at one point that he raised "Actual Innocence" to the North Carolina Supreme Court on direct appeal (Id., § 9(g)(6)). However, at other points, Petitioner indicates that he believes he is excused from the exhaustion requirement due to his "Actual Innocence" and that he did not raise his claim for relief on direct appeal because of ineffective assistance of counsel. (Id., § 12(b), (c).) In any refiling, Petitioner should be aware that he is not excused from the exhaustion requirement and that he should make it clear whether or not he has presented his claim to the state courts as required.

3. An insufficient number of copies was furnished. Petitioner must submit the original and two copies.

Because of these pleading failures, the Petition should be filed and then dismissed, without prejudice to Petitioner filing a new petition on the proper habeas corpus forms with the $5.00 filing fee, or a completed application to proceed *in forma pauperis*, and otherwise correcting the defects noted. The Court has no authority to toll the statute of limitation, therefore it continues to run, and Petitioner must act quickly if he wishes to pursue this petition. See Spencer v. Sutton, 239 F.3d 626 (4th Cir. 2001). To further aid Petitioner, the Clerk is instructed to send Petitioner a new application to proceed *in forma pauperis*, new § 2254 forms, and instructions for filing a § 2254 petition, which Petitioner should follow.

*In forma pauperis* status will be granted for the sole purpose of entering this Order and Recommendation.

**IT IS THEREFORE ORDERED** that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Petitioner § 2254 forms, instructions, and a current application to proceed *in forma pauperis*.

**IT IS RECOMMENDED** that this action be filed, but then dismissed *sua sponte* without prejudice to Petitioner filing a new petition which corrects the defects of the current Petition once he has exhausted his state court remedies.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

Date: November 5, 2012